Aron Steuer, J.
Defendant is the owner of a building in which an accident occurred. In the rear of the building at the third-floor level there was a roof over an extension of the building. The accident consisted in the infant plaintiff falling off this extension to a similar one, one flight below.
*509 It appears that defendant owner had sometime previously leased the entire premises to one MeCrea, which lease was in effect at the time of the accident. It further appears that the accident came about when the little boy was attempting to prevent his tricycle from rolling off the extension. The exact dimensions of the extension do not appear in the record but from the photographs in evidence it appears to be the width of the house, about 25 feet, and about 8 feet deep. In the center at the edge is an iron stairway to the floor below constituting part of the fire escape. There was also a clothesline on the extension. Access to it from the apartment occupied by plaintiff’s family was not provided by regular means but could be had by crawling out a window. There was the usual testimony by plaintiff’s mother that the janitor was aware that children played on the extension.
The specification of negligence is that the extension was a terrace within the meaning of section 62 of the Multiple Dwelling Law and as such was not protected by a guard railing or a parapet wall as provided by that section. That it was not so provided is not disputed but the section applies only to such buildings as were erected after 1929 and there is nothing to show it applies to this building.
The lease of the premises expressly provides that defendant lessor is to make exterior repairs and forbids the lessee from in any way altering the building. So that if the absence of railings was negligence, that negligence can be fairly ascribed to the defendant. However, in the absence of applicable statute no railings are required unless the lack of them would make a part of the premises open to the public dangerous. It can be safely assumed that the absence of railings made this place dangerous. So the question is whether the public was invited to use it.
In that connection an invitation can be general or for a specific purpose. If the latter, a use other than anticipated invokes no liability. So the mere fact that the extension roof was provided as an access to the fire escape in times of emergency would not constitute an invitation to use it as a playground.
There remain to be considered the further uses suggested by the evidence — for hanging clothes and as a playground. Nice questions are presented as to whether an invitation or sufferance is involved. Here where access is from a window within the apartment it is difficult to see how use could be prevented and whether the liberal interpretation of conduct which loses sight of the distinction between inviting and suffering would apply. However, none of these questions require decision. If there was invitation it was not by the defendant but by its tenant. If such *510 uses were not permitted there would have been no negligence. In that respect complete control had been yielded by the defendant. As there is no other tenable ground of liability defendant must have judgment.